Case 4:18-cv-00073   Document 31   Filed on 03/22/19 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 22, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GEOVERA SPECIALTY INSURANCE § 
COMPANY, §
 §
    Plaintiff, §
VS. § CIVIL ACTION NO. 4:18-CV-0073
 §
JOSEPH BECKER, §
 §
    Defendant. §

## ORDER SETTING ASIDE APPRAISAL AWARD

Before the Court is the petitioner's, Geovera Specialty Insurance Company, motion to set aside the Appraisal Awards [DE 26] and the respondent's, Joseph Becker, response [DE 28]. Having reviewed the documents on file, including the parties' joint status report, which the Court incorporates in relevant parts here, the Court determines that the motion to set aside is meritorious and should be granted.

**I.**

This matter involves a residential fire loss that allegedly occurred on or about October 7, 2017. According to the homeowner, the fire was confined to the garage. Homeowners policy number GH60028875, issued by GeoVera Specialty Insurance Company to Joseph Becker, is the subject of the petitioner's claim. When the petitioner was notified of the loss, it notified the respondent immediately, and on numerous occasions, to preserve all damaged property. The

petitioner also requested an inventory of the claimed damaged contents. On November 29, the petitioner invoked appraisal and reminded the respondent and his attorney that a failure to comply with policy conditions could jeopardize the appraisal process and coverage under the policy.

An appraisal and a revised appraisal have now been tendered. To date, the respondent has been paid in excess of $100,000.00. However, the petitioner asserts that a valid Appraisal Award has not been presented for payment. The respondent relies on a Revised Appraisal Award which award the petitioner claims is rendered invalid by the respondent's conduct that violates the policy.

## II.

Petitioner invoked appraisal in November 2017. The respondent named his appraiser in December 2017. However, the petitioner was not permitted to inspect the residence until April 12, 2018. The inspection at that time revealed that repairs to the home from the fire loss were completed; the home had been refurnished with new furniture; existing furniture had been discarded and other claimed personal property losses had also been discarded.

The petitioner objects to the appraisal based on prejudice to the panel by not having the opportunity to inspect the structure prior to repairs; not having opportunity to know what personal property was being claimed; not having

opportunity to inspect and determine whether any items were actually damaged, and if so, whether the property could be cleaned or required replacement.

### III.

It is well-settled law in Texas that "appraisal awards made pursuant to the provisions of an insurance contract are binding and enforceable, and every reasonable presumption will be indulged to sustain an appraisal award." *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.2d 872, 875 (Tex. App.—San Antonio 1994, no writ)). However, an otherwise binding appraisal award may be disregarded "(1) when the award was made without authority; (2) when the award was made as a result of fraud, accident, or mistake; or (3) when the award was not in compliance with the requirements of the policy." *Providence*, 877 S.W.2d at 875–76. Further "[i]f an appraisal is not an honest assessment of necessary repairs, that can be proved at trial and the award may be set aside" it is not binding. *State Farm Lloyds v. Johnson,* 290 S.W.3d 886, 895 (Tex. 2009). The burden of proof is on the party seeking to avoid the award. *Franco*, 154 S.W.3d at 786 (citing *Barnes v. Western Alliance Ins. Co.*, 844 S.W.2d 264, 267 (Tex. App.—Fort Worth 1994, writ dism'd)).

Here, the award should be disregarded because it was not made in substantial compliance with the policy. *Johnson,* 290 S.W.3d at 895. The evidence is undisputed that after and/or during notice from the petitioner to maintain the *status quo* until the petitioner could make its own assessment(s) concerning damage that the respondent's residence incurred the respondent went forward with repairs. Failing to comply with the notice and the policy terms defeat the purpose of an appraisal.

Therefore, the Court concludes that the motion to set aside the Appraisal Award, be and it is hereby Granted.

It is so Ordered.

SIGNED on this 22nd day of March, 2019.

_____
Kenneth M. Hoyt
United States District Judge